WELLS, J.
The Florida Supreme Court Committee on Standard Jury Instructions in Civil Cases (the Committee) recommends that The Florida Bar be authorized to publish the addition to the Florida Standard Jury Instructions (Civil) of instructions 6.1(e), “Unmarried dependent’s claim under Fla. Stat. § 768.0415,” and 6.2(h) “Unmarried dependent’s damages under Fla. Stat. § 768.0415”; and a revision to the note on use to 2.4 “Multiple Claims, Numerous Parties, Consolidated Cases.” The new and revised instructions are appended to this opinion with the new language added to the note on use in instruction 2.4 being indicated by underscoring.
Instructions 6.1(e) and 6.2(h) were published on August 1, 1998, in The Florida Bar News. The revision to the note on use of 2.4 was not published since the Committee determined it was not necessary. The *441 Committee specifically sought input from the Florida Defense Lawyers’ Association and from the Academy of Florida Trial Lawyers.
These instructions were approved by the Committee after consideration at meetings, numerous revisions, and comprehensive review of comments received.
We authorize the publication of the appended instructions. In doing so we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting their legal correctness. The revised instructions will be effective on the date this opinion is filed.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
APPENDIX
6.1

e. Unmarried dependent’s claim under Fla. Stat. § 768.0415:

If you find for the (defendant)(s), you will not consider the claim of (unmarried dependent). However, if you find for (claimant parent), you shall next consider the claim of (unmarried dependent). The issue for your determination on this claim is whether the injury sustained by (claimant parent) was a significant permanent injury resulting in a permanent total disability.
If the greater weight of the evidence does not support the claim of (unmarried dependent), then your verdict should be for (defendant)(s) on that claim. However, if the greater weight of the evidence does support the claim of (unmarried dependent), then you should award to (unmarried dependent) an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (unmarried dependent) for damages caused to [him] [her] by the incident in question. You shall consider the following elements of damage:
NOTE ON USE ON 6.1e
If issues arise as to the child’s marital status, parentage or dependency, this instruction should be modified.

Comments on 6.1e

1. Fla. Stat. § 768.0415 does not define “significant permanent injury,” “dependent” or “permanent total disability.” Therefore, the instructions do not attempt to define the terms.
2. Fla. Stat. § 768.0415 refers only to “negligence.” The committee takes no position as to whether the statute is limited to negligence cases or the definition of “negligence” in this statutory context. For example, see Fla. Stat. § 768.81(4)(a), defining “negligence cases.”
6.2

h. Unmarried dependent’s damages under Fla. Stat. § 768.0415:

Any loss by reason of (claimant parent’s) injury of (claimant parent’s) services, comfort, companionship and society in the past and in the future.

Comment on 6.2h

1. Pending further development of the law, the committee takes no position as to whether there may be elements of damage not specifically enumerated in the statute.
2. The duration of future damages for which the child may recover is unclear. Pending further development of the law, the committee takes no position as to whether the statute limits recovery of future damages to the life of the parent or the duration of the claimant’s dependency.
2.4
MULTIPLE CLAIMS, NUMEROUS PARTIES, CONSOLIDATED CASES
In your deliberations, you are to consider [several] [(state the number)] distinct claims. (Identify claims to be con *442 sidered.) Although these claims have been tried together, each is separate from the otherfs], and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.
NOTE ON USE
This instruction is applicable to two or more consolidated actions as well as to two or more claims in the same action by or against different persons or by or against the same person in different capacities. The committee recommends that this charge not be given to distinguish between a primary claim and a derivative claim (ie.g., that of the injured party and that of his or her spouse) or between a claim against a party primarily liable and a claim against a party liable only vicariously (e.g., claims against a party actively negligent and against his employer) or claims under Fla. Stat. § 768.0415.